IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01334–EWN–MEH

AT&T CORP., a New York corporation,

    Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC,
d/b/a GENERAL STEEL CORPORATION,

    Defendant.

## ORDER AND MEMORANDUM OF DECISION

    This is a breach of contract case. Plaintiff AT&T Corporation alleges that Defendant General Steel, Inc.: (1) breached the contract between them; and (2) was unjustly enriched by Plaintiff's services. This matter is before the court on "General Steel's Motion and Incorporated Memorandum of Law For Reconsideration of Certain Aspects of Order and Memorandum Decision on Plaintiff's Motion and Memorandum of Law for Partial Summary Judgment," filed April 6, 2006. Jurisdiction is based on 28 U.S.C. § 1332 (2006), diversity of citizenship.

## FACTS

The facts of this case are set forth in extensive detail in my March 30, 2006, order and memorandum of decision. (Order and Memorandum of Decision at 1–4 [filed Mar. 30, 2006] [hereinafter "Order"].) Familiarity therewith is assumed.

On March 28, 2005, Plaintiff filed a motion for partial summary judgment. (Pl.'s Mot. For Partial Summ. J. [filed Mar. 28, 2005] [hereinafter "Pl.'s Mot. Summ. J."]) Plaintiff argued that it is entitled to summary judgment on: (1) its breach of contract claim because Defendant did not pay Plaintiff for the services it owed under the contract; (2) Defendant's CCPA claim because there is "no significant public impact" and the statute of limitations expired; and (3) Defendant's common law fraud in the inducement claim because Defendant cannot prove specific facts showing a knowing misrepresentation. (*Id.* at 6–14.) On May 9, 2005, Defendant filed a response to Plaintiff's motion for partial summary judgment. (General Steel's Resp. Br. to Pl.'s Mot. and Mem. of Law For Partial Summ. J. [filed May 9, 2005] [hereinafter "Def.'s Resp. to Summ. J."]) On May 31, 2005, Plaintiff filed a reply in support of its motion for partial summary judgment. (Pl.'s Reply in Supp. of Its Mot. For Partial Summ. J. [filed May 31, 2005] [hereinafter "Pl.'s Summ. J. Reply"].)

On March 30, 2006, I issued an order and memorandum of decision granting in part and denying in part Plaintiff's motion for partial summary judgment. (Order.) I determined that Plaintiff was entitled to summary judgment on its breach of contract claim and Defendant's Colorado Consumer Protection Act claim. (*Id.* at 7–14.) I determined that Plaintiff was not

entitled to summary judgment on Defendant's common law fraud in the inducement claim. (*Id.* at 14–15.)

On April 6, 2006, Defendant filed a motion styled "General Steel's Motion and Incorporated Memorandum of Law for Reconsideration of Certain Aspects of Order and Memorandum Decision on Plaintiff's Motion and Memorandum of Law For Partial Summary Judgment." (General Steel's Mot. and Incorporated Mem. of Law For Reconsideration of Certain Aspects of Order and Mem. of Decision on Pl.'s Mot. and Mem. of Law For Partial Summ. J. [filed Apr. 6, 2006] [hereinafter "Def.'s Br."].) Defendant urges this court to: (1) reconsider its decision to deem all of Plaintiff's proffered facts as true and strike Defendant's response brief with "leave for Defendant to re-submit it and for Plaintiff to file a reply to the re-submitted Response;" and (2) vacate its grant of summary judgment because "summary judgment is improper for state of mind issues." (*Id.* at 2–7.) On April 26, 2006, Plaintiff filed a response to Defendant's motion. (Pl.'s Mem. In Resp. to Def.'s Mot. For Reconsideration of the Court's Order Granting Partial Summ. J. For Pl. [filed Apr. 26, 2006] [hereinafter "Pl.'s Resp."].)

**ANALYSIS**

*1.     Standard of Review*

From the outset I note that Defendant has not set forth a proper ground for the court to consider its motion for reconsideration. Defendant does not cite to any rule of the federal rules of civil procedure in support or guidance for its motion for reconsideration. Additionally, a motion for reconsideration is not a proper vehicle for Defendant to re-argue its case. *See Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124 (D. Colo. 2000). The Federal Rules of Civil

Procedure do not offer Defendant an opportunity to re-argue its case after the court has rendered a decision. *See All West Pet Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

"'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are [normally] accepted as the offspring of Fed. R. Civ. P. 59(e) which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment.'" *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, Civ.A. No. 90-A-361, 1991 WL 61012, at *3 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]). Consideration of Defendant's motion under Rule 59(e) is premature as no final judgment has been entered in this case.

A motion to reconsider may also be appropriate under Rule 60. A motion to reconsider is only granted under limited circumstances.

> [A] motion to reconsider would be appropriate where, for example, the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E.D. Va. 1983]), *cert. granted and judgment*

*vacated on other grounds*, 502 U.S. 1, 112 S. Ct. 4 (1991). "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc.*, 99 F.R.D. at 101.

Rule 60 states that:

[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief form the operation of the judgment.

Fed. R. Civ. Proc. 60(b) (2003). Defendant does not contend, nor does the record support, that there is newly discovered evidence, there is fraud or misrepresentation by Plaintiffs, the judgment is void, or the judgment is satisfied or released. Thus, I evaluate Defendant's motion under Rule 60(b)(1) and (b)(6).

Defendant essentially argues that this court made a mistake and misapplied the summary judgment standard in this case. (Def.'s Br. at 5–8.) Specifically, Defendant asserts that Plaintiff failed to "disprove" Defendant's affirmative defense of negligent misrepresentation. (*Id.* at 4–5.) Defendant contends that Plaintiff "must present evidence showing that no issue exists regarding the material facts, and that those facts prove all of the elements of its case and *disprove* any pleaded affirmative defenses." (*Id.* at 5 [emphasis in original].) In support of this proposition Defendant cites *Eaves v. Fireman's Fund Ins. Co.*, 148 Fed. Appx. 696, 700 (10th Cir. 2005), an unpublished Tenth Circuit decision. The *Eaves* court relied on the summary judgment principles

more thoroughly outlined in *Trainor v. Appollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Specifically, in *Trainor*, the Tenth Circuit explained that:

> [u]nder Rule 56(c), the moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact. . . . Once this burden is met, Rule 56(e) requires the non-moving party to set forth specific facts showing there is a genuine issue for trial. . . . [T]he moving party . . . has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law. . . . The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial. If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Trainor*, 318 F.3d at 979.

Here, as discussed more thoroughly in my March 30, 2006 order and memorandum of decision, Plaintiff carried its initial burden of production and persuasion on its breach of contract claim. (Pl.'s Mot. Summ. J. at 8–9; Order at 7–11.) Plaintiff produced admissible evidence that: (1) the parties entered into a contract; (2) Plaintiff performed under the contract, (3) Plaintiff suffered damages, and (4) Defendant's nonperformance was not justified. Plaintiff addressed Defendant's affirmative defense of negligent misrepresentation and carried its burden on this claim. Plaintiff produced sufficient evidence that Defendant could not have justifiably relied on any purported comments Plaintiff may have made in entering into the contract. (Order at 9–10.) The contract's integration clause provides that "[t]his agreement constitutes the entire agreement between the parties with respect to the services. This agreement supersedes all prior agreements,

proposals, representations, statements or understandings, whether written or oral, or the rights and obligations relating to the services." (Pl.'s Mot. Summ. J., Ex. 1 § 12.9 [Master Agreement].)  Thus, the integration clause bars Defendant's assertion that Plaintiff promised it a lower rate during contract negotiations. (*See* Order at 8–10.) Accordingly, Plaintiff satisfied its burden under *Trainor* and Defendant was not entitled to rest on its pleadings and mere conclusory allegations to defeat summary judgment.

Defendant's position in its motion for reconsideration is peculiar. Defendant appears to be inviting the court to: (1) re-write its local rules of procedure or, alternatively, exempt Defendant from the repercussions of failing to follow such rules; and (2) re-write the well established Federal Rules of Civil Procedure. I decline Defendant's invitation with respect to both propositions. First, if I were to accept Defendant's position regarding the local rules, Defendant could blatantly fail to follow the local rules and then seek the court to alleviate it of the repercussions by filing a motion for reconsideration. This position is not acceptable.

Defendant's position with respect to the federal rules of civil procedure is even more troubling. Defendant essentially takes the position that it could withstand summary judgment on Plaintiff's breach of contract claim by merely asserting that Plaintiff did not adequately "assail" Defendant's position. This is contrary to well established federal law regarding motions for summary judgment. Defendant must produce evidence to defeat summary judgment and mere conclusory allegations are insufficient. *L&M Enter., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). The party opposing summary judgment must set forth "specific facts" to defeat the motion. *Id.* Further, even assuming Defendant did produce some evidence in

response to Plaintiff's motion for summary judgment, Plaintiff's evidence demonstrates that Defendant could not have justifiably relied on any of Plaintiff's purported statements and there is no genuine issue of material fact on Defendant's negligent misrepresentation claim. (Order at 8–11.)

*2.  Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

Defendant's motion for reconsideration (# 57) is DENIED.

Dated this 28th day of April, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge